UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JULIAN DANIEL ROMERO,

Petitioner,

v.

CHANCE ANDES, Warden,

Respondent.

Case No. 25-cv-07079-YGR (PR)

**ORDER OF DISMISSAL WITHOUT PREJUDICE**

This action was reassigned from a magistrate judge to the undersigned in light of a Ninth Circuit decision.[1] Petitioner Julian Daniel Romero, who is currently being held at the San Quentin Rehabilitation Center, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Dkt. 1. He has paid the full filing fee. Dkt. 7.

In the instant petition, petitioner did not exhaust his state remedies by presenting all his claims to the highest level of review—the California Supreme Court—before filing his petition. *See* Dkt. 1. Specifically, petitioner raises a claim under the Racial Justice Act, but the petition indicates he did not present this claim to the California Supreme Court. *See id.* at 4. Nothing in the record shows that petitioner pursued this claim by filing a habeas petition in the California Supreme Court.[2]

Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings either the fact or length of their confinement are first required to exhaust state judicial remedies,

---

[1] *Williams v. King*, 875 F.3d 500, 503 (9th Cir. 2017) (magistrate judge lacked jurisdiction to dismiss case on initial screening because unserved defendants had not consented to proceed before magistrate judge).

[2] The Court conducted a search of the online docketing system of the state supreme court using petitioner's full name. *See* https://appellatecases.courtinfo.ca.gov (last visited Dec. 31, 2025).

United States District Court
Northern District of California

either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. *See* 28 U.S.C. § 2254(b), (c). The exhaustion-of-state-remedies doctrine reflects a policy of federal-state comity "to give the State an initial 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (citations omitted). The exhaustion requirement is satisfied only if the federal claim has been "fairly presented" to the state courts. *See id.*; *Peterson v. Lampert*, 319 F.3d 1153, 1155-56 (9th Cir. 2003) (en banc). The state's highest court must be given an opportunity to rule on the claims even if review is discretionary. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (holding that petitioner must invoke "one complete round of the State's established appellate review process"). A federal district court must dismiss a federal habeas petition containing any claim as to which state remedies have not been exhausted. *See Rhines v. Weber*, 544 U.S. 269, 273 (2005).

Here, nothing in the record shows that petitioner filed a state habeas petition in the California Supreme Court raising his claim under the Racial Justice Act. *See* Dkt. 1. Petitioner has not submitted any evidence to the contrary. Thus, the Court finds that petitioner has not satisfied the exhaustion requirement by "fairly present[ing]" all his claims in the underlying federal habeas petition to the California Supreme Court, the highest state court with jurisdiction to consider them in a state habeas petition. *See Picard*, 404 U.S. at 275.

Petitioner should have brought his claim under the Racial Justice Act before the California Supreme Court to exhaust that claim in state court. Thus, petitioner has not yet exhausted all available procedures if the state supreme court has not had an opportunity to review all his federal claims. "A petitioner must exhaust his state remedies by reaching the point where he has no state remedies available to him at the time he files his federal habeas petition." *See Peterson*, 319 F.3d at 1156. Petitioner has failed to file the appropriate state supreme court petition and has not succeeded in "reaching the point where he has no state remedies available to him . . . ." *See id.* Accordingly, the Court DISMISSES the petition as unexhausted without prejudice to refiling once all claims he wishes to raise in federal court have been presented to the California Supreme Court. *See* 28 U.S.C. § 2254(b)-(c); *Rose v. Lundy*, 455 U.S. 509, 522 (1982). Should petitioner choose

United States District Court
Northern District of California

to refile, he is advised to do so as soon as possible after his state court proceedings have concluded.  The Court makes no ruling at this time on the issue of the timeliness of any future federal petition.

The Clerk of the Court shall terminate any pending motions as moot and close the file.

IT IS SO ORDERED.

Dated:    January 16, 2025

_____
YVONNE GONZALEZ ROGERS
United States District Judge

United States District Court
Northern District of California

3